## MACFARLAND v. MOORE.

---

PARTIES TO ACTIONS; STATUTES; EMINENT DOMAIN; COMPUTATION OF TIME.

1. Where a statute authorizes and directs the commissioners of the District of Columbia to institute proceedings to condemn land for street-extension purposes, such proceeding may be brought either in the names of the commissioners or in the name of the District of Columbia. (Construing act of Congress of January 9, 1907, 34 Stat. at L. 845, chap. 31.)

2. A statute authorizing the municipality to institute proceedings to condemn land for street-extension purposes is in derogation of property rights, and is not to be liberally construed in favor of the municipality.

3. In computing the time in which the commissioners of the District of Columbia were required to institute proceedings to condemn land for street-extension purposes by the act of Congress approved January 9, 1907 (34 Stat. at L. 845, chap. 31), providing that such proceedings were to be brought "within thirty days after the passage of this act" the day the act was approved by the President is to be included; and a petition filed under the act by the commissioners after the expiration of thirty days, as so computed, is properly dismissed on motion of respondents.

No. 1866.    Submitted November 6, 1908.    Decided December 1, 1908.

HEARING on an appeal by the petitioners, the Commissioners of the District of Columbia, from a decree of the Supreme Court of the District of Columbia sitting as a District Court, granting a motion to dismiss, and dismissing, a petition to condemn certain lands alleged to be necessary for street-extension purposes.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District dismissing a petition of Henry B. F. Macfarland, Henry L. West, and Jay J. Morrow, the commissioners of the District of Columbia, to condemn certain lands alleged to be necessary for street extension.

The act of Congress approved January 9, 1907 (34 Stat. at L. 845, chap. 31), provided that, "within thirty days after the passage of this act, the commissioners of the District of Columbia be, and they are hereby, authorized and directed to institute in the supreme court of the District of Columbia a proceeding *in rem* to condemn the land," etc. On February 8, 1907, the petition was filed in the names of the commissioners of the District of Columbia. Subsequently motion was made to dismiss this petition upon various grounds, among which were that the suit should have been brought in the name of the District of Columbia, and that it was not filed within the time authorized in the act. The court sustained the motion, and dismissed the petition on the ground that the period of limitation had expired when the petition was filed.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. James Francis Smith,* Assistant, for the appellants.

*Mr. Conway Robinson* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

1. Was the proceeding properly instituted in the name of the commissioners of the District?

We think the act fairly susceptible of a construction sustaining the affirmative of the proposition. It provides that "the commissioners of the District of Columbia may institute" the proceeding therein authorized. The commissioners instituted the proceeding in their official capacity as the representatives of the District, expressly referring to the act for their author-

ity. All property acquired under such a statutory trust, the law gives to the District. *Re Rochester Water Comrs.* 66 N. Y. 413. While the proceeding might with propriety have been brought in the name of the real, instead of the nominal, plaintiff, there is no legal objection to it as instituted.

The statute under which the Secretary of the Treasury proceeded in *Chappell* v. *United States,* 160 U. S. 513, 40 L. ed. 515, 16 Sup. Ct. Rep. 397, was worded differently from the act under consideration, and the opinion in that case is, therefore, not controlling here.

2. Was the petition seasonably filed? While there is considerable conflict of authority on this question, we think the rule generally followed by the Supreme Court of the United States to be that, where computation is to be made from an act done, the day on which the act is done should be included.

In *Arnold* v. *United States,* 9 Cranch, 104, 3 L. ed. 671, it was held that an act of Congress imposing additional duties to be levied and collected upon all goods from and after the passage of the act was in force on the day of its approval by the President. Mr. Justice Story said: "It is contended that this statute did not take effect until the second day of July; nor, indeed, until it was formally promulgated and published. We cannot yield assent to this construction. The statute was to take effect from its passage; and it is a general rule that, where the computation is to be made from an act done, the day on which the act is done is to be included."

In *Griffith* v. *Bogert,* 18 How. 158, 15 L. ed. 307, the question was whether, under the law of Missouri, which allowed lands of a deceased debtor to be sold under execution after the expiration of eighteen months from the date of letters of administration, the *terminus a quo* should be included in computing the eighteen months. The court held that it should, saying: "In the present case there is no reason for departing from the general rule and popular usage of treating the day from which the term is to be calculated, or '*terminus a quo,*' as inclusive. The object of the legislature was to give a stay of execution for eighteen months in order that the administrator might have

an opportunity of collecting the assets of the deceased and ap-
plying them to the discharge of his debts.   The day on which
the letters issue may be used for this purpose as effectually as
any other in the year."

In *Taylor* v. *Brown,* 147 U. S. 640, 37 L. ed. 313, 13 Sup.
Ct. Rep. 549, it was held that, in computing the time during
which alienation of public land acquired by an Indian under a
statute forbidding alienation of such land "for a period of five
years from the·date of the patent issued therefor," [was prohib-
ited] the day of the issue of the patent should be included.   The
court said: "The proviso is that the title shall not be subject to
alienation in the various ways described, and shall be and remain
inalienable for a period of five years from the date of the pat-
ent.   Possibly the language is susceptible of being construed
to mean that the land should be inalienable on the day of the
issue of the patent and for five years after that date, two pe-
riods of time; but we are of opinion that the more natural and
the true construction is that only one period is referred to, and
that the day the patent issued should not be excluded.   The
limitation on alienation was to be and to remain, that is to say,
the land was to be, on the first day, not subject to alienation, and
so to remain until the five years had expired."

See also *Burrall* v. *Du Blois,* 2 Dall. 229, 1 L. ̨ed. 360;
*Louisville* v. *Portsmouth Sav. Bank,* 104 U. S. 469, 26 L. ed.
775.

We can discover no good reason why the general rule should
be departed from in the case at bar.   The act under considera-
tion is in derogation of property rights, and is, therefore, not
entitled to receive the liberal construction contended for by ap-
pellants.   Immediately after the approval of the act of January
9, 1907, this proceeding might have been instituted.   In the
absence of anything in the act indicating a contrary intent, the
limitation fixed by Congress commenced to run on that day and
ended with February 7th, the day before this petition was
filed.

Depending solely upon the act for authority, the commission-
ers, at the expiration of the time limitation therein prescribed,

were without power in the premises, and the judgment of the trial court is therefore affirmed, with costs.     *Affirmed.*